UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn on June 14, 2024

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 1:08-cr-057 |
| | ) |
| v. | ) **UNDER SEAL** |
| | ) |
| MIGUEL TREVINO MORALES | ) 21 U.S.C. §§ 848(a), 848(b), 848(c) |
| a.k.a. "Z-40," a.k.a. "Zeta40," a.k.a. | ) and 848(e)(1)(A) |
| "40," a.k.a. "Cuarenta," a.k.a. "Mike," | ) (Continuing Criminal Enterprise) |
| | ) |
| and | ) 21 U.S.C. §§ 959(a), 960, 963 |
| | ) (Conspiracy to Distribute Five |
| OMAR TREVINO MORALES | ) Kilograms or More of Cocaine and |
| a.k.a. "42," a.k.a. "Z-42," | ) 1,000 Kilograms or More of |
| | ) Marijuana for Importation into the |
| Defendants. | ) United States) |
| | ) |
| | ) 18 U.S.C. § 924(c) |
| | ) (Use of a Firearm) |
| | ) |
| | ) 18 U.S.C. § 2 |
| | ) (Aiding and Abetting) |
| | ) |
| | ) 18 U.S.C. §§ 1956(a)(2)(A), |
| | ) 1956(a)(2)(B), and 1956(h) |
| | ) (Money Laundering) |
| | ) |
| | ) 21 U.S.C. §§ 853 and 970 |
| | ) (Continuing Criminal Enterprise and |
| | ) Cocaine and Marijuana Distribution |
| | ) Forfeiture) |
| | ) |
| | ) 18 U.S.C. § 982 |
| | ) (Money Laundering Forfeiture) |

**FIFTH SUPERSEDING INDICTMENT**

THE GRAND JURY CHARGES THAT:

**INTRODUCTION**

At all times relevant to this Indictment, unless otherwise indicated:

1

1.      The Zetas Cartel (otherwise known as "Los Zetas," and hereinafter "Zetas") was a violent and prolific drug trafficking organization that imported tonnage quantities of cocaine and marijuana into the United States while using terroristic violence to control large swaths of Northern Mexico, including along the border between Mexico and the United States. The Zetas operated primarily in the Mexican States of Coahuila, Nuevo Laredo, Tamaulipas, Zacatecas, San Luis Potosi, Veracruz and elsewhere.

2.      Between the years of 2000 and 2010, the Zetas formed an alliance with the Gulf Cartel, a group of drug traffickers primarily based in northern Mexico, to form an organization known as "The Company." The Gulf Cartel used the Zetas as the armed militaristic wing of the Cartel to maintain control of drug trafficking routes throughout Mexico.

3.      At the beginning, Heriberto Lazcano Lazcano headed the Zetas organization. Lazcano recruited both members of the Mexican special forces, along with drug traffickers who never served in the military or with a police force, to join the organization.

4.      The Zetas and Gulf Cartel's alliance fractured in the summer of 2010 after a period of intense violence between the organizations. At that time, the Zetas operated as an independent drug trafficking organization that imported tonnage quantities of cocaine and marijuana into the United States.

5.      The defendant, **MIGUEL TREVINO MORALES**, a.k.a. "**Z-40**," a.k.a. "**Zeta 40**," a.k.a. "**40**," a.k.a. "**Cuarenta**," a.k.a. "**Mike**," took over the leadership role of the Zetas after the death of Lazcano in October 2012. After the arrest of **MIGUEL TREVINO MORALES**, the defendant, **OMAR TREVINO MORALES**, a.k.a. "**42**," a.k.a. "**Z-42**," took over the primary leadership role of the Zetas.

6.  After the arrests of **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES** in 2013 and 2015, respectively, the defendants renamed the Zetas to "Cartel Del Noreste" (hereinafter "CDN"). **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES** continued to control the Cartel and installed various family members to operate the CDN after their incarceration. The CDN remains the successor cartel to the Zetas and continues the criminal drug trafficking activities previously conducted by the Zetas.

7.  The Zetas and CDN carried out numerous acts of violence, including murders, assaults, kidnappings, assassinations, and acts of torture. **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES** executed dozens of residents living around Allende, a small town located in Coahuila, Mexico, in approximately March 2011. In carrying out these and other acts of violence, the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, possessed, carried, used, and brandished firearms, including machine guns, semi-automatic rifles, and pistols. The Zetas and CDN committed these acts of violence for a variety of reasons, including but not limited to:

   a.  Promoting and enhancing the prestige, reputation and position of the Zetas and CDN with respect to rival criminal organizations, including other drug trafficking organizations;

   b.  Preserving, protecting, and expanding the power, territory, and criminal ventures of the Zetas and CDN;

   c.  Keeping victims, rivals, and law enforcement in fear of the Zetas and CDN, its members, and associates;

   d.  Enforcing discipline amongst its members and associates by punishing disloyalty and failure;

e.  Enriching the members and associates of the Zetas and CDN through criminal activity, including narcotics trafficking, theft, extortion, human smuggling and other illegal activities; and

f.  Seeking reprisal against elected officials, public officials, members of the military, members of law enforcement, and others for failing to provide services to the Zetas and CDN.

8. The defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, were the principal leaders of the Zetas and are currently the principal leaders of its successor organization, CDN.

## COUNT ONE
(Continuing Criminal Enterprise)

9. The allegations contained in paragraphs one through eight of this Superseding Indictment are incorporated as though fully set forth herein.

10. Beginning no later than in or about January 2003, and continuing thereafter, up to and including the date of the filing of this Indictment, both dates being approximate and inclusive, in Mexico, Guatemala, Venezuela, Colombia, the United States, and elsewhere, the defendants **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, together with others, both known and unknown, did knowingly and intentionally engage in a continuing criminal enterprise, in that the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES,** committed violations of Title 21, United States Code, Sections 848(e), 952(a), 959(a), 960, and 963, including Violations One through Nineteen set forth below, which violations were part of a continuing series of violations of those statutes undertaken by the defendants **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES,** in concert with five or more other persons, with respect to whom the defendants, **MIGUEL TREVINO MORALES** and

**OMAR TREVINO MORALES**, occupied a supervisory and management position, and were each a principal administrator, organizer, and leader of the continuing criminal enterprise, and from which continuing series of violations the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES,** obtained substantial income and resources, in excess of $10 million in gross receipts in a twelve-month period for the importation and distribution of cocaine. The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), included Violations One through Nineteen set forth below, where Violations Six through Nineteen involved at least 300 times the quantity of a substance described in Section 841(b)(1)(B) of Title 21, United States Code, to wit: 150 kilograms or more of a substance containing cocaine:

<u>Violation One</u>
(Murder Conspiracy)

11.   In or about May 2008, within the extraterritorial jurisdiction of the United States, the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, together with others, both known and unknown, while engaged in an offense punishable under Section 960(b)(1) of Title 21 of the United States Code, to wit: the crime charged in Count Two, did knowingly and intentionally conspire to kill and counsel, command, induce, procure and cause the intentional killing of one or more persons, to wit: members of the Mexican government, including public officials, law enforcement officers and members of the Military, and such killings did result, in violation of Title 21, United States Code, Sections 848(e)(1)(A) and 846, and Title 18, United States Code, Section 2.

<u>Violation Two</u>
(Murder Conspiracy)

12.   Between on or about March 17, 2011 and March 20, 2011, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the

defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, together with others, both known and unknown, while engaged in an offense punishable under Section 960(b)(1) of Title 21 of the United States Code, to wit: the crime charged in Count Two, did knowingly and intentionally conspire to kill and counsel, command, induce, procure and cause the intentional killing of one or more persons, to wit: citizens of Mexico, and such killings did result, in violation of Title 21, United States Code, Sections 848(e)(1)(A) and 846, and Title 18, United States Code, Section 2.

### Violation Three
### (Murder Conspiracy)

13. From in or about January 2003, and continuing thereafter, up to and including the date of the filing of this Indictment, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, together with others, both known and unknown, while engaged in an offense punishable under Section 960(b)(1) of Title 21 of the United States Code, to wit: the crime charged in Count Two, did knowingly and intentionally conspire to kill and counsel, command, induce, procure and cause the intentional killing of one or more persons, to wit: members and associates of Los Zetas and the Gulf Cartel, and such killings did result, in violation of Title 21, United States Code, Sections 848(e)(1)(A) and 846, and Title 18, United States Code, Section 2.

### Violation Four
### (Murder Conspiracy)

14. In or about May 2011, within the extraterritorial jurisdiction of the United States, the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, together with others, both known and unknown, while engaged in an offense punishable under

Section 960(b)(1) of Title 21 of the United States Code, to wit: the crime charged in Count Two, did knowingly and intentionally conspire to kill and counsel, command, induce, procure and cause the intentional killing of one or more persons, to wit: members of the Guatemalan government, including public officials, law enforcement officers and members of the military, and such killings did result, in violation of Title 21, United States Code, Sections 848(e)(1)(A) and 846, and Title 18, United States Code, Section 2.

Violation Five
(Murder Conspiracy)

15.     In or about March 2008, within the extraterritorial jurisdiction of the United States, the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, together with others, both known and unknown, while engaged in an offense punishable under Section 960(b)(1) of Title 21 of the United States Code, to wit: the crime charged in Count Two, did knowingly and intentionally conspire to kill and counsel, command, induce, procure and cause the intentional killing of one or more persons, to wit: Guatemalan drug traffickers and other citizens of Guatemala, and such killings did result, in violation of Title 21, United States Code, Sections 848(e)(1)(A) and 846 and Title 18, United States Code, Section 2.

Violation Six
(International Cocaine Distribution)

16.     In or about July 2004, in the countries of Mexico, Colombia, the United States, and elsewhere, the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, together with others, both known and unknown, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a

Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

### Violation Seven
(International Cocaine Distribution)

17. In or about July 2005, in the countries of Mexico, Colombia, Venezuela, Guatemala, the United States, and elsewhere, the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, together with others, both known and unknown, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

### Violation Eight
(International Cocaine Distribution)

18. In or about June through July 2006, in the countries of Mexico, Colombia, Venezuela, Guatemala, the United States, and elsewhere, the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, together with others, both known and unknown, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of

Title 21, United States Code, Sections 959(a), 960(a)(3), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## Violation Nine
(Cocaine Importation)

19. Between on or about May 20, 2006, and on or about May 24, 2006, both dates being approximate and inclusive, in and around Dallas, Texas, the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, together with others, both known and unknown, did knowingly and intentionally import approximately 380 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, into the United States from a place outside thereof, namely, Mexico, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## Violation Ten
(Cocaine Importation)

20. Between on or about November 22, 2006 and on or about December 2, 2006, in and around Dallas, Texas, the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, together with others, both known and unknown, did knowingly and intentionally import approximately 150 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, into the United States from a place outside thereof, namely, Mexico, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## Violation Eleven
(International Cocaine Distribution)

21. In or about April 2007, in the countries of Mexico, Guatemala, Colombia, Venezuela, the United States, and elsewhere, the defendants, **MIGUEL TREVINO MORALES**

and **OMAR TREVINO MORALES**, together with others, both known and unknown, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

Violation Twelve
(Attempted Cocaine Importation)

22.     From on or about June 6, 2007, through on or about June 8, 2007, both dates being approximate and inclusive, in and around Del Rio, Texas, the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, together with others, both known and unknown, did knowingly and intentionally attempt to import approximately 400 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, into the United States from a place outside thereof, namely, Mexico, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

Violation Thirteen
(Cocaine Importation)

23.     On or about June 27, 2007, in and around Atlanta, Georgia, the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, together with others, both known and unknown, did knowingly and intentionally import approximately 357 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, into the United States from a place outside thereof, namely Mexico, in violation of Title

21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## Violation Fourteen
(Attempted International Cocaine Distribution)

24. On or about October 5, 2007, in or around Tampico, Mexico, the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, together with others, both known and unknown, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved approximately 11,798 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## Violation Fifteen
(Attempted International Cocaine Distribution)

25. From on or about March 13, 2011, through on or about March 15, 2011, both dates being approximate and inclusive, in and around Alta Vera Paz, Guatemala, the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, together with others, both known and unknown, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved approximately 453 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

### Violation Sixteen
### (Attempted International Cocaine Distribution)

26.     In or about April 2011, in or around Monclova, Mexico, and elsewhere, the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, together with others, both known and unknown, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved approximately 1,000 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

### Violation Seventeen
### (Cocaine Importation)

27.     On or about May 5, 2011, in or around Eagle Pass, Texas, the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, together with others, both known and unknown, did knowingly and intentionally import approximately 20.92 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, into the United States from a place outside thereof, namely Mexico, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

### Violations Eighteen and Nineteen
### (Cocaine Importation)

28.     On or about the dates below, in Texas, the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES**, together with others, both known and unknown, did knowingly and intentionally import a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, into the United States from a place outside

thereof, namely Mexico, in the approximate quantities set forth below, violation of Title 21, United States Code, Sections 952(a), 960(a)(1), 960(b)(1)(B)(ii), and 960(b)(2)(B)(ii), and Title 18, United States Code, Section 2.

| Violation | Date | Approximate Quantity |
|---|---|---|
| 18 | January 18, 2024 | 1 kilogram |
| 19 | April 17, 2024 | 10 kilograms |

(Continuing criminal enterprise, in violation of Title 21, United States Code, Sections 848(a), 848(b), 848(c), and 848(e)(1)(A).)

## COUNT TWO
(International Cocaine and Marijuana Distribution Conspiracy)

29. The allegations contained in paragraphs one through eight are realleged and incorporated as if fully set forth in this paragraph.

30. From in or about January 2000, and continuing thereafter, up to and including the date of the filing of this Indictment, both dates being approximate and inclusive, in the countries of Mexico, the United States, and elsewhere, the defendants, **MIGUEL TREVINO MORALES and OMAR TREVINO MORALES**, together with others, both known and unknown, did knowingly, intentionally and willfully conspire to commit offenses against the United States, to wit: (1) to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; and (2) to distribute 1,000 kilograms or more of mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, intending, knowing, and having reasonable cause to believe that said controlled substances would be unlawfully imported into the United States from a place outside

thereof, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), 960(b)(1)(B)(ii) and 960(b)(1)(G); all in violation of Title 21, United States Code, Section 963.

31. The controlled substances involved in the conspiracy attributable to each defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine and 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana in violation of Title 21, United States Code, Sections 960(b)(1)(B)(ii) and 960(b)(1)(G).

> (Conspiracy to distribute five (5) kilograms or more of cocaine and one thousand (1,000) kilograms or more of marijuana, for importation into the United States, in violation of Title 21, United States Code, Sections 959(a), 960, and 963.)

## COUNT THREE
(Use of a Firearm)

32. The allegations contained in paragraphs one through eight are realleged and incorporated as if fully set forth in this paragraph.

33. From in or about January 2005, and continuing thereafter, up to and including the date of the filing of this Indictment, both dates being approximate and inclusive, the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES,** did knowingly and intentionally use, carry, brandish, and discharge a firearm, including a machine gun, destructive device, semi-automatic assault weapon, or pistol, during and in relation to one or more drug trafficking crimes, to wit: the crimes charged in Count Two, and did knowingly and intentionally possess a firearm in furtherance of such drug trafficking crime, one or more of which firearms was brandished, one or more of which firearms was discharged, one or more of which firearms was a semi-automatic assault weapon, one or more of which firearms was a machine gun, and one or more of which firearms was a destructive device, in violation of Title 18, United States Code,

Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924 (c)(1)(B)(i) and 924(c)(1)(B)(ii), and 18 United States Code, Section 2.

> (Use of a Firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(i), 924(c)(1)(B)(ii), and 2.).

## COUNT FOUR
(International Money Laundering Conspiracy)

34. The allegations contained in paragraphs one through eight are realleged and incorporated as if fully set forth in this paragraph.

35. Beginning on or about January 2003, and continuing thereafter up to and including the date of the filing of this Indictment, both dates being approximate and inclusive, in Mexico, Colombia, Venezuela, Guatemala, the United States, and elsewhere, the defendants, **MIGUEL TREVINO MORALES** and **OMAR TREVINO MORALES,** did knowingly, intentionally, and willfully conspire and agree together and with others, known and unknown, to commit certain offenses in violation of Title 18, United States Code, Section 1956 as follows:

   a. To knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place inside the United States to a place outside the United States, which monetary instrument and funds represented the proceeds of some form of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 952, 959, 960, and 963, knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and while conducting and attempting to conduct such transportation, transmission, and transfer, knowing that the property involved in the transportation, transmission, and

transfer represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and

    b.  To knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 952, 959, 960, and 963, in violation of Title 18, United States Code, Section 1956(a)(2)(A);

all in violation of Title 18, United States Code, Section 1956(h).

(International Money Laundering Conspiracy, in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i), 1956(a)(2)(A) and 1956(h).).

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO
(Continuing Criminal Enterprise and
Cocaine and Marijuana Distribution)

36.    The United States hereby gives notice to the defendants that upon conviction of the Title 21 offenses alleged in Counts One and Two of this Indictment, the Government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), of all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the alleged Title 21 violations, and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses.

37.    Said property includes, but is not limited to:

A sum of money equal to all proceeds the defendants obtained directly or indirectly as a result of the Title 21 offenses charged in Counts One and Two of this Indictment, and all property used or intended to be used to facilitate the offenses, that is, not less than a sum of money representing the amount of funds involved in the offenses, and all interest and proceeds traceable

16

thereto; in that such sum, in aggregate, was received by the defendants in exchange for the distribution of controlled substances or is traceable thereto. If any of the above-described forfeitable property, as a result of any act or omission of the defendants –

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third person;

      (c)    has been placed beyond the jurisdiction of the Court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Criminal Forfeiture, in violation of Title 21, United States Code, Sections 853 and 970.).

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT FOUR
(Money Laundering)

38.    The United States hereby gives notice to the defendants that upon conviction of the Title 18 offenses alleged in Count Four of this Indictment, the Government will seek forfeiture in accordance with Title 18, United States Code, Sections 982, of all property involved in such offense, and all property traceable to such property.

39.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants –

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982, to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Criminal Forfeiture, in violation of Title 18, United States Code, Section 982.).

A TRUE BILL.

_____
Foreperson

_____   By: _____
Marlon Cobar                          Kirk Handrich
Chief                                 Tara Arndt
Narcotic and Dangerous Drug Section   Trial Attorneys
Criminal Division                     Narcotic and Dangerous Drug Section
U.S. Department of Justice
Washington, D.C. 20530

By Carolyn Pokorny, FAUSA
_____
Breon Peace
United States Attorney
Eastern District of New York

JAIME ESPARZA  Digitally signed by JAIME ESPARZA
               Date: 2024.08.20 10:50:17 -05'00'
Jaime Esparza
United States Attorney
Western District of Texas

18