UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br><br> **MIGUEL TREVINO MORALES,** <br> also known as "Z-40," "Zeta40," "40," "Cuarenta," "Mike," and <br><br> **OMAR TREVINO MORALES,** <br> also known as "42," "Z-42." <br><br><br> **Defendants.** | **CRIMINAL NO. 08-CR-057 (TNM)** |

### GOVERNMENT'S MOTION FOR CONFLICT INQUIRY

The United States of America, by and through the undersigned attorneys, requests that the Court conduct a conflict inquiry with Miguel Trevino Morales ("Miguel") and Omar Trevino Morales ("Omar") (together, "Defendants"), who were jointly charged in several indictments and are now represented by counsel who also represent other co-defendants. Under Federal Rule of Criminal Procedure 44, when two or more defendants have been jointly charged and are represented by the same counsel, "[t]he court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to effective assistance of counsel, including separate representation." Fed. R. Crim. P. 44(c)(2)(B). Because the Defendants are represented by the same counsel as co-defendants who were charged in the same indictment, the Court should conduct the Rule 44 inquiry with each Defendant as soon as practicable. The Court may then determine whether it should "take [any] appropriate measures." *Id*.

# BACKGROUND

### A.  The Gulf Cartel and Zetas

This case is the product of an extensive, long-term investigation conducted by the Drug Enforcement Administration, Homeland Security Investigations, and Federal Bureau of Investigation into the activities of the Gulf Cartel and the Zetas, two related, violent, and prolific drug-trafficking organizations operating in Mexico.  Together the Gulf Cartel and the Zetas imported tonnage quantities of cocaine and marijuana into the United States while using terroristic violence to control large swaths of northern Mexico, including along the United States-Mexico border.

Between approximately 2000 and 2010, the Zetas and Gulf Cartel formed an alliance known as "The Company."  The Zetas served as the armed militaristic wing of the cartel and maintained control of drug trafficking routes.  The alliance fractured in the summer of 2010 after a period of intense violence between the organizations.  From that time on, the two organizations operated as independent drug trafficking organizations, which imported tonnage quantities of cocaine and marijuana into the United States.

### B.  The Co-Defendants

The present motion concerns the representation of four defendants: (1) Miguel, (2) Omar, (3) Jaime Gonzalez-Duran ("Gonzalez-Duran") and (4) Gilberto Barragan-Balderas ("Barragan-Balderas").

These defendants were charged together in the original indictment returned on March 13, 2008, as well as in several superseding indictments, including the Fourth Superseding Indictment filed on May 9, 2013.  Miguel and Omar were then charged together in a Fifth Superseding Indictment filed on August 20, 2024.

Miguel and Omar were expelled from Mexico to the United States, along with another co-defendant (Alfredo Rangel-Buendia), on February 27, 2025.  Gonzalez-Duran was extradited from Mexico to the United States on October 21, 2022.  Barragan-Balderas was extradited from Mexico to the United States on January 4, 2020.

### C. Counsel For The Co-Defendants

Three different lawyers represent more than one defendant in this case:

| Counsel | Representations |
| --- | --- |
| Alfred Guillaume, III | (1) Miguel and (2) Omar |
| Manuel Retureta | (1) Omar and (2) Gonzalez-Duran |
| Eduardo Balarezo | (1) Miguel and (2) Barragan-Balderas |

Alfred Guillaume, III has entered appearances for Miguel and Omar.  *See* ECF Nos. 659, 655.  Mr. Guillaume's appearances for Miguel and Omar stated that his appearance was in the capacity of "local counsel."[1]  Manuel Retureta has entered appearances for both Omar and Gonzalez-Duran.  *See* ECF Nos. 537, 688. Eduardo Balarezo has entered an appearance for both Miguel and Barragan-Balderas.  *See* ECF Nos. 425 and 700.

Miguel and Omar are each represented by at least one other lawyer who does not represent any co-defendants.

### ARGUMENT

The Sixth Amendment provides "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const., amend. VI.  The

---

[1] Mr. Guillaume previously represented Eleazar Medina-Rojas, another jointly charged co-defendant, but the docket sheet reflects that he withdrew as counsel for Medina-Rojas on December 1, 2023.  *See* ECF Nos. 523, 551; 12/01/2023 Minute Order.  At the status conference on June 11, 2025, Mr. Guillaume also stated that he no longer represented Miguel, but the Government does not see any indication of a withdrawal on the docket sheet.  The Government therefore respectfully suggests that Mr. Guillaume enter such a formal withdrawal and, out of an abundance of caution, that the Court inform Miguel and Omar of their right to independent and unconflicted counsel.

Sixth Amendment's "essential aim" is to "guarantee an effective advocate for each criminal defendant." *Wheat v. United States*, 486 U.S. 153, 159 (1988). "[M]ultiple representation of criminal defendants engenders special dangers of which a court must be aware." *Id.* While "permitting a single attorney to represent codefendants is not *per se* violative of constitutional guarantees of effective assistance of counsel, a court confronted with and alerted to possible conflicts of interest must take adequate steps to ascertain whether the conflicts warrant separate counsel." *Id.* at 159-60. In addition, "federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession." *Id.* at 160; *see id.* at 161 (noting that "trial courts confronted with multiple representations face the prospect of being 'whip-sawed' by assertions of error no matter which way they rule").

For these reasons, Federal Rule of Criminal Procedure 44 provides that a "court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation." Fed. R. Crim. P. 44(c)(2). "Joint representation occurs when [] two or more defendants have been charged jointly . . . [and] the defendants are represented by the same counsel, or counsel who are associated in law practice." Fed R. Crim. P. 44(c)(1). "Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel." Fed. R. Crim. P. 44(c)(2).

The specific "measures" the Court must take are left to the Court's discretion. Advisory Committee Note, Fed. R. Crim. P. 44. "One possible course of action is for the court to obtain a knowing, intelligent and voluntary waiver of the right to separate representation." *Id.* "However, 'the district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial,

4

but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses.'" *United States v. Lorenzana-Cordon*, 125 F. Supp. 3d 129, 134–35 (D.D.C. 2015) (quoting *Wheat*, 486 U.S. at 162). After all, "[t]he likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict, even for those thoroughly familiar with criminal trials." *Wheat*, 486 U.S. at 162–63.

Because Mr. Guillaume, Mr. Retureta, and Mr. Balarezo represent one or more co-defendants charged in the same indictment, the Court "must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation." Fed. R. Crim. P. 44(c)(2). After the Court conducts such an inquiry and provides such advice, it may take "appropriate measures to protect each defendant's right to counsel." *Id.*

Because the Government does not know whether any or all the defendants will continue to want to be represented by the same counsel, the Government does not currently have a position on what, if any, such "measures" may be "appropriate" here. Fed. R. Crim. P. 44(c)(2). If, for example, some or all defendants decline to waive potential conflicts, and opt not to be represented by possibly conflicted counsel, further measures may not be required. Further, each of the potential conflicts is different, as well the measures necessary to ameliorate it. It is also possible that defense counsel have already taken, or wish to propose, appropriate measures. The Government therefore respectfully requests the opportunity to defer taking a position on what, if any, additional measures may be "appropriate" until after the Court has advised the defendants of their right to separate counsel, the defendants have indicated whether they continue to wish to be

represented by the same counsel, and defense counsel have had the opportunity to describe what, if any, measures they have taken or will take to ameliorate any potential conflict.[2]

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court inquire about the propriety of the joint representations described above and that it advise each Defendant of the right to separate representation. If either Defendant continues to wish to be represented jointly after being so advised, the Government respectfully requests the opportunity to provide its position on the joint representation in a supplemental oral or written submission.

Respectfully Submitted,

MARLON COBAR, Chief
Narcotic and Dangerous Drug Section
Criminal Division
United States Department of Justice

By:     __/s/ D. Hunter Smith_____
D. Hunter Smith
Kirk Handrich
Jayce Born
Trial Attorneys
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
145 N Street, NE
Washington, D.C. 20530
Tel.:   (202) 514-0917
Email: David.H.Smith@usdoj.gov

---

[2] At the status conference on June 11, 2025, the Court may have suggested that a conflicts inquiry may be unnecessary with respect to Mr. Balarezo's joint representation if Mr. Balarezo withdrew as counsel for Miguel and potentially later re-entered an appearance. While the Government has no objection to such a withdrawal, it respectfully suggests that it would not obviate the need for a conflicts inquiry, advisement, and waiver at least as to the remaining client because a lawyer's own personal interest in an accepting a future representation may be a basis for a conflict of interest. *See* D.C. Bar Rule 1.7(b)(4); *see also* DC Bar Rule 1.9 (past representation may be a basis for a conflict of interest).

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed via CM/ECF on this 11th day of June 2025.

                                                                              /s/ D. Hunter Smith
                                                                              D. Hunter Smith
                                                                              Trial Attorney
                                                                              Narcotic and Dangerous Drug Section
                                                                              Criminal Division
                                                                              Department of Justice