UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | CASE NO. 08-CR-00057-TNM |
| | § | |
| MIGUEL ANGEL TREVINO-MORALES (4) | § | |
| DEFENDANT | § | |

**DEFENDANT MIGUEL ANGEL TREVINO-MORALES'
MOTION FOR CERTIFICATION OF APPEALABILITY OF
ORDER DENYING DEFENDANT'S MOTION FOR
RELIEF FROM UNCONSTITUTIONAL SPECIAL ADMINISTRATIVE MEASURES**

NOW COMES the defendant Miguel Angel Trevino-Morales, by and through counsel, and requests this Court to certify the appealability of its order denying his motion seeking relief from special administrative measures unilaterally imposed by the Government.

On January 17, 2026, Defendant Miguel Angel Trevino-Morales filed his *Motion for Relief from Unconstitutional Special Administrative Measures. See* Doc. 780. The Government filed its Response on February 13, 2026. *See* Doc. 789. On February 27, 2026, Defendant filed his Reply to the Government's Response. *See* Doc. 794. In his motion, Mr. Miguel Angel Trevino-Morales argued that the Government's unilateral imposition of special administrative measures (hereafter "SAM") was unconstitutional in several respects, including the fact that they were punitive in nature, were wholly based on a speculative concern for future criminal behavior while detained, exceeded the terms of the written SAM and the detention center's internal administrative sanctions, denied him effective assistance of counsel and due process, were unnecessarily excessive, and failed to offer Mr. Trevino-Morales any reasonable alternatives to communicate with family and be free from the unwarranted harmful effects of solitary confinement. Mr. Trevino-Morales continues to be restricted in the same manner and to the same degree described in his written pleadings.

1

On May 1, 2026, the Court verbally denied Mr. Trevino-Morales' motion and read into the record its decision. It is this order that Mr. Trevino-Morales asks the Court for appellate certification and thereby allow an interlocutory appeal of the Court's order. *See* Exhibit A, Transcript of Hearing.

As this Court is aware, the anticipated length of pretrial detention in the instant case is extraordinarily long given the breadth of discovery (still) being produced by the Government. The Supreme Court affirmed the constitutional protection of liberty under the due process clause is at stake when there exists an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner,* 515 U.S. 472, 484 (1995). Segregation from other prisoners is a recognized "hardship," and the length of such segregation can render it "atypical." *See id.* at 486-87 (focus on nature of deprivation and its duration)*; Hatch v. District of Columbia,* 184 F.3d 846, 858 (D.C. Cir. 1999) (focus on nature of restriction and its duration to analyze impact on liberty interest); *Lucas v. Hodges,* 730 F.2d 1493, 1504-1506 (D.C. Cir. 1984) (segregation can deprive inmate of constitutionally protected liberty).

In the instant case, the punitive nature of the SAM, particularly given the reality that the extraordinary length of detention will be in solitary confinement, is unreviewable after final judgment, thus warranting immediate appellate review. At some point, due process is impacted by an extraordinary length of solitary confinement. *See United States v. El-Hage,* 213 F.3d 74, 80 (2d Cir. 2000) (length of pretrial detention "weighs heavily in [defendant's] favor in argument that due process rights have been violated"); *United States v. Ojeda Rios,* 846 F.2d 167, 169 (2d Cir. 1988) (pretrial detention order reversed where court did "not believe that due process c[ould] tolerate any further pretrial detention"); *United States v. Warneke,* 199 F.3d 906, 909 (7th Cir. 1999) (length of restriction important in determining whether less restrictive alternative to straight pretrial detention."); *United States v. Gonzales Claudio,* 806 F.2d 334, 343 (2d Cir. 1986) (duration of restriction raises due process concerns).

Because this Court's pretrial detention order impacts constitutional issues of liberty, due process and punishment, the Collateral Order Doctrine is applicable. Otherwise, these constitutional issues become effectively unreviewable after final judgment. Without first receiving the Government's response to the instant motion, it would appear that the Government agrees, in that it pursued an interlocutory appeal on a matter involving an issue of pretrial detention. *See United States v. Ali,* 473 Fed. Appx. 6 (D.C. Cir. Aug. 3, 2012). Additionally, statutory authority allows defendants to appeal from a pretrial detention order "or from a decision denying revocation or amendment of such an order." *See* 18 U.S.C. § 3145 (c); *see also United States v. Munchel,* 991 F.3d 1273, 1279 (D.C. Cir. 2021) (appellate court reviews district and magistrate courts decisions regarding bond/detention issues); *United States v. Williamson,* 161 F.4th 803 n. 1 (D.C. Cir. 2025) ("Had Williamson filed a new motion for the district court to revoke his pretrial detention order, he would be statutorily entitled to appeal an order denying it.") *citing* 18 U.S.C. § 3145(c) & *In re Stone,* 940 F.3d 1332, 1338, 444 U.S. App. D.C. 234 (D.C. Cir. 2019). Under the "collateral order doctrine," a defendant my appeal a small category of trial court orders that are completely separate from the merits of the case, resolve an important issue, and cannot be effectively reviewed after the trial concludes.

In the instant case, the ability of the defendant to participate in his defense, meaningfully and effectively consult with his defense counsel while suffering the proven life-damaging consequences of segregated life in jail, and assure a fair trial is a matter that cannot be remedied after the conclusion of trial. Mr. Treviño-Morales' motion seeking relief from extraordinary restrictions which are of extended duration remains authoritative and timely for the damage being done to his ability to prepare for a fair trial and the punishment being inflicted upon him through the imposition of unconstitutional measures.

3

For these reasons expressed above, Mr. Trevino-Morales respectfully submits this motion for certification of appealability as to the Court's May 1, 2026, order denying Mr. Trevino-Morales' *Motion for Relief from Unconstitutional Special Administrative Measures.* It is respectfully requested that the Court certify its May 1, 2026, order denying defendant's motion referenced above.

Respectfully submitted,

/s/ Michael McCrum                    /s/ William Purpura

Michael McCrum                       William B. Purpura, Esquire
McCrum Law Office                    Purpura & Purpura
1659 Tx-46 W, Ste. 115, PMB 487      606 Baltimore Ave., Suite 301
New Braunfels, Tx. 78132             Towson, Maryland 21204
Office 210.225.2285                  Office 410-727-8550
Tx Bar No. 13493200                  DC Fed Bar # MD00074
michael@mccrumlegal.com              wpurpura@purpuralaw.com

**Counsel for Miguel Angel Treviño Morales**

## CERTIFICATE OF SERVICE

I, Michael McCrum, hereby certify that on this 26th day of May, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Michael McCrum

4