**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**MIGUEL TREVINO MORALES,**<br>　　　**also known as "40," "Zeta 40,"**<br>　　　**"Cuarenta," "Z-40," and "Mike,"**<br><br>**and**<br><br>**OMAR TREVINO MORALES,**<br>　　　**also known as "42, and "Z-42,"**<br><br>　　　　　　　　　**Defendants.** | **CRIMINAL NO. 08-CR-057 (TNM)** |

**CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR**
**CERTIFICATES OF APPEALABILITY**

Defendants Omar Trevino Morales ("Omar") and Miguel Trevino Morales ("Miguel") have each moved for a certificate of appealability concerning recent orders of this Court related to their conditions of confinement. *See* ECF Nos. 824 and 827. The Court should deny these motions.

Omar's motion states that he is seeking a certificate of appealability pursuant to 28 U.S.C. § 1292(b).[1] *See* ECF No. 824 at 2. Miguel's motion does not specify under which statute he seeks such a certificate, *see* ECF No. 827, but presumably also moves pursuant to the same statute. (The government is not aware of any other pertinent statute or authority governing certificates of appealability).

Section 1292(b) provides that district courts may issue certificates of appealability as to otherwise unappealable orders "in a civil action." 28 U.S.C. § 1292(b). This case is not a "civil action." Therefore, 28 U.S.C. § 1292(b) does not apply here. *See* 16 Charles Alan Wright et

---

[1] Omar's motion also cites 28 U.S.C. § 1991, *see* ECF No. 824 at 2, but that provision of the United States Code does not exist.

al., Federal Practice and Procedure § 3929 (3d ed. 2021) ("Section 1292(b) is limited by its terms to civil actions in a district court.    It is not available in criminal cases . . . ." (citing authorities)).

Even if this were a civil action, the defendants do not identify any "controlling question of law as to which there is a substantial ground for difference of opinion," 28 U.S.C. § 1292(b), nor how "an immediate appeal from the order may materially advance the ultimate termination of the litigation," *id.*, which are prerequisites for a certificate of appealability.

For these reasons, the Court should deny the defendants' motions for certificates of appealability.[2]

<div style="margin-left:50%;">

Respectfully submitted,

MARGARET A. MOESER
Chief
Money Laundering, Narcotics
and Forfeiture Section
Criminal Division
U.S. Department of Justice


By:    */s/ D. Hunter Smith*
         D. HUNTER SMITH
         KIRK HANDRICH
         JAYCE BORN
         ERIK CERVANTES
         Trial Attorneys
         Money Laundering, Narcotics
         and Forfeiture Section
         Criminal Division
         U.S. Department of Justice
         1400 New York Avenue, NW
         Washington, D.C. 20530

</div>

---

[2] Defendants' motions each reference other statutes and doctrines of appellate jurisdiction.  *See* ECF No. 824 at 3 (discussing collateral order doctrine); ECF No. 827 at 3 (discussing collateral order doctrine and appeal of detention orders under 18 U.S.C. § 3145(c)).  The Court need not address these issues because they do not concern whether this Court should issue a certificate of appealability.

2

RUSSELL LEACHMAN
ADRIAN ROSALES
BRIAN NOWINSKI
Trial Attorneys
Money Laundering, Narcotics
and Forfeiture Section
Criminal Division
U.S. Department of Justice
601 NW Loop 410
Suite 600
San Antonio, TX 78216

ANDREW D. WANG
SEAN M. FERN
Trial Attorneys
Money Laundering, Narcotics
and Forfeiture Section
Criminal Division
U.S. Department of Justice
271 Cadman Plaza East
7th Floor
Brooklyn, NY 11201

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via ECF to counsel of record, on Monday, June 1, 2026.

By:      _/s/ D. Hunter Smith_
                D. Hunter Smith
                Trial Attorney
                Money Laundering, Narcotics
                and Forfeiture Section
                Criminal Division
                U.S. Department of Justice