**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

**v.**

**MIGUEL TREVINO MORALES,**
**also known as "40," "Zeta 40,"**
**"Cuarenta," "Z-40," and "Mike,"**

**ALFREDO RANGEL BUENDIA,**
**also known as "Chicles,"**

**OMAR TREVINO MORALES,**
**also known as "42, and "Z-42,"**

**Defendants.**

**CRIMINAL NO. 08-CR-057 (TNM)**

## GOVERNMENT'S SECOND PROPOSED PRE-TRIAL SCHEDULE

The government respectfully submits a revised proposed pretrial schedule in this case. The government has consulted with defense counsel who have stated that they believe additional time is required to prepare for trial and that they will submit a competing proposal.

## BACKGROUND

Before the July 10, 2026, status conference, the government proposed a pre-trial schedule that would allow for all pre-trial motions and motions in limine to be fully briefed by July 2027 and accordingly for trial to begin in January or February 2028. *See* ECF No. 835. At the status conference, defense counsel objected to the schedule and stated, among other things, that more time was needed to review discovery to prepare pre-trial motions. Accordingly, the government below proposes a revised pre-trial schedule that maintains the proposed early 2028 trial date, but allows for additional time for pre-trial motions.

"[T]he Speedy Trial Act assigns district courts an independent responsibility to protect *both* the defendant's and the public's strong interest in the timely administration of justice." *United States v. Fahnbulleh*, 742 F. Supp. 2d 137, 145 (D.D.C. 2010), *aff'd*, 752 F.3d 470 (D.C. Cir. 2014) ((quoting *United States v. Hall,* 181 F.3d 1057, 1062 (9th Cir.1999) (emphasis in original)). Indeed, the Speedy Trial Act, 18 U.S.C. § 3161 et seq., "was designed with the public interest firmly in mind." *Zedner v. United States*, 547 U.S. 489, 501 (2006). The Sixth Amendment's Speedy Trial Clause likewise protects the public's interest in a speedy trial. *See Barker v. Wingo*, 407 U.S. 514, 519 (1972) (discussing U.S. CONST. AMEND VI, cl. 1); *see id.* at 522 (noting that "[d]elay is not an uncommon defense tactic").

The government's proposed schedule protects the public's interest in a speedy trial while affording the defense sufficient time to prepare for that trial. The defendants were each expelled to the United States more than eighteen months ago (on February 27, 2025) and there are still approximately seventeen months until the government's proposed trial date in late January or early February 2028. The government completed the production of the vast majority of Rule 16 discovery by April 2026, and though future productions are still possible, they will be far more limited in nature.[1]

Thirty-five months is sufficient time for the defense to prepare for trial. For example, in a comparable case against the leader of the Sinaloa Cartel known as "El Chapo," trial began only 22 months after the defendant's extradition to the United States. *See United States v. Guzman Loera*, 1:09-cr-00466 (E.D.N.Y). That case, moreover, involved even more substantial discovery than

[1] The Sixth Superseding Indictment returned on April 29, 2026, did not expand the scope or timeframe of the alleged conspiracy and did not have any material effect on the volume of discovery.

this case[2] as well as complex pre-trial motion practice regarding, among other things, the search of a computer server in the Netherlands and the government's obtention of data from an Amazon cloud server. *See United States v. Loera*, 333 F. Supp. 3d 172, 185 (E.D.N.Y. 2018). Indeed, even capital cases which involve extensive classified information go to trial in far less time. *See, e.g.*, *United States v. Tsarnaev*, 1:13-cr-1020 (D. Mass.) (approximately 18 months from indictment to trial).

In this case, the public's interest in a speedy trial is particularly strong. The defendants operated one of the most prolific and violent drug trafficking organizations in history. They were indicted more than seventeen years ago and arrested in Mexico more than a decade ago. After their arrests, it is purported that defendants Miguel and Omar Trevino Morales bribed Mexican officials to delay their extradition to the United States. According to documents submitted by the defense, the Mexican Minister of Security and Civilian Protection stated that Mexican judges postponed the extradition of Miguel Trevino Morales 79 times and that of Omar Trevino Morales 54 times. *See* ECF No. 797-5 at 2.

There is no need for the public—or this Court—to tolerate further delay. "Altogether, the speedy trial to which the public, the Government, the alleged victims, and the Court is entitled outweighs Defendant's mere prudential interest in additional time to prepare." *United States v. Raymond*, No. CR 21-380 (CKK), 2023 WL 6879875, at *2 (D.D.C. Oct. 18, 2023).

**PROPOSED SCHEDULE**

1/29/27 – Pre-trial motions under Rule 12; Rule 404(b) notice; first CIPA section 4 motion

---

[2] By way of rough comparison, the government produced 333,751 Bates-numbered items in discovery in *Guzman Loera*, while it has produced only 95,830 such items in this case. In *Guzman Loera*, the government produced, among other things, several large Title III wires, the entire contents of a seized computer server, extensive drug ledgers, and much more.

2/26/27 – Responses to pretrial motions; objections to Rule 404(b) notice

3/12/27 – Replies to pretrial motions

5/7/27 – Second CIPA section 4 motion

5/28/27 – Government expert disclosures

6/25/27 – Defense expert disclosures

7/30/27 – Motions in limine

8/27/27 – Oppositions to motions in limine

9/24/27 – Replies to motions in limine

Exhibit lists four weeks before the start of trial[3]

3500 and *Giglio* two weeks before start of trial, unless identification of a witness gives rise to substantial safety concerns in which case production of 3500 and *Giglio* material may be delayed until 48 hours before witness testifies.

Trial to begin on or around January 31, 2028.

Respectfully submitted,

MARGARET A. MOESER
Chief
Money Laundering, Narcotics
and Forfeiture Section Criminal Division
U.S. Department of Justice

By: *\/s/ D. Hunter Smith*
D. HUNTER SMITH
KIRK HANDRICH
ERIK CERVANTES
Trial Attorneys
Money Laundering, Narcotics
and Forfeiture Section
Criminal Division
U.S. Department of Justice

[3] This date may be adjusted forward or backward to avoid conflict with the Christmas and New Year holidays.