**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

**v.**

**MIGUEL TREVINO MORALES,**
**also known as "40," "Zeta 40," "Cuarenta," "Z-40," "Mike,"**

**ALFREDO RANGEL-BUENDIA,**
**also known as "Chicles,"**

**OMAR TREVINO MORALES,**
**also known as "42," and "Z-42,"**

**Defendants.**

**CRIMINAL NO. 08-CR-057 (TNM)**

## GOVERNMENT'S STATUS REPORT REGARDING PRETRIAL SCHEDULE

The parties have conferred regarding the pretrial schedule in this case. Below the Government sets forth a proposed schedule, which it understands reflects the parties' agreements and disagreements. As reflected below, the parties have reached agreement on most issues. The parties' principal dispute concerns the timing for disclosure of materials that would identify Government witnesses. The Government explains its position on that issue in a subsequent section and understands that the defendants may also file a statement of their position.

### PROPOSED PRETRIAL SCHEDULE

| Item | Government | Defense | Joint Proposal |
|---|---|---|---|
| First CIPA §4 motion | | | 8/5/2027 |
| Rule 12 pretrial motions (excluding Title III-related motions) | | | 8/5/2027 |
| Rule 404(b) notice | | | 8/5/2027 |
| Responses to Rule 12 motions | | | 9/7/2027 |
| Objections to Rule 404(b) notice | | | 9/7/2027 |

| Item | Government | Defense | Joint Proposal |
|---|---|---|---|
| Replies on Rule 12 motions | | | 10/5/2027 |
| Replies to 404(b) objections | | | 10/5/2027 |
| Govt designation of recorded communications / Title III interceptions[1] | | | 11/5/2027 |
| Govt production of proposed translations and transcripts | | | Rolling production with final transcripts due by 7/5/2028 |
| Status conference / oral argument on pretrial motions | | | Oct./Nov./Dec. 2027 |
| Govt expert disclosure | | | 1/31/2028 |
| Motion to suppress (Title III) | | | 1/5/2028 |
| Govt response to motion to suppress | | | 2/4/2028 |
| Defense expert disclosure | | | 3/6/2028 |
| Defense reply on motion to suppress | | | 3/6/2028 |
| Status Conference/Oral argument (and evidentiary hearing, if necessary) on motion to suppress Title III intercepts | | | March/April 2028 |
| Motions in limine, including objections to Govt and defense experts | | | 4/5/2028 |
| Oppositions to motions in limine | | | 5/5/2028 |
| Replies on motions in limine | | | 6/5/2028 |
| Second CIPA §4 motion | | | 6/5/2028 |

[1] The Government consents to this date on the understanding it reflects the Government's agreement to provide a good-faith estimate of the Title III intercepts it may use at trial, so as to allow the defense to focus any motions to suppress on intercepts that may in fact be relevant to the trial. The Government has already produced all the intercepted communications to the defendants, which are substantial in volume. On August 14, 2025, the Government provided defendants with a preliminary list of the interceptions from the Houston Title III application that it deemed most likely to be introduced at trial, which is only a small subset of the total production. The proposed deadline reflects a date to supplement that initial disclosure. Because the proposed disclosure is a voluntary one that the Government is undertaking to aid the defense, and because the Government cannot be certain nearly a year in advance of trial of each intercept it may introduce, the Government reserves the right to supplement the list at a later date (subject to the defendants being allowed to object to the newly identified interceptions).

| Item | Government | Defense | Joint Proposal |
|---|---|---|---|
| Status conference / oral argument on motions in limine | | | June/July 2028 |
| Govt exhibit list | | | 7/5/2028 |
| Govt witness list | 8/6/2028 (U.S. law enforcement witnesses); others the Thursday before testimony | 7/5/2028 (all witnesses, under protective order) | Disagreement |
| Govt 3500 material and *Giglio* | 8/6/2028 (U.S. law enforcement witnesses); others the Thursday before testimony | 6/5/2028 – LEOs<br><br>7/5/2028 – most lay & cooperating witnesses;<br><br>2-weeks before testimony - limited special witnesses with showing of special circumstances<br><br>(all witnesses covered by protective order) | Disagreement |
| Pretrial conference | | | July/Aug. 2028 |
| Defense exhibit list | | | 8/6/2028 |
| Jury selection and trial | | | 9/5/2028 |

**STATEMENT REGARDING DISPUTED ISSUE**

The central dispute between the parties concerns the extent of advanced notice that the Government must provide to the defendants of the identities of the Government's witnesses, including the timing for witness lists as well as for disclosure of § 3500 and *Giglio* material.

Here, a grand jury has found that there is probable cause to believe that the defendants were leaders of a militaristic drug cartel that "carried out numerous acts of violence, including murders,

assaults, kidnappings, assassinations and acts of torture," ECF No. 816 at ¶¶ 2-7, and that, among other things, when defendants suspected a cartel member was cooperating with U.S. law enforcement, they executed dozens of his family members in Mexico in retaliation, *id.* at ¶ 7; *see also id.* ¶¶ 11-16 (alleging six distinct murder violations). The potential for witness intimidation and retaliation in this case is not only reflected by defendants' past conduct, but is also heightened by their significant financial resources, the fact that defendants' cartel continues to operate and inflict violence in Mexico, and the fact that many witnesses either reside in or have family members in Mexico where the U.S. government's ability to ensure their safety is reduced. *See also* 90 Fed. Reg. 10,030 (Feb. 20, 2025) (designating the defendants' cartel as Specially Designated Global Terrorists).

With the exception of expert witnesses, nothing in Rule 16, *Brady*, *Giglio*, 18 U.S.C. § 3500 or this Court's Local Rules requires the Government to provide *any* pretrial notice of its witnesses or pretrial disclosure of *Giglio* or § 3500 material. *See United States v. Tarantino*, 846 F.2d 1384, 1414 (D.C. Cir. 1988). Indeed, even in a death-penalty case, the Government must disclose the identities of witnesses only three days before trial, but even that disclosure can be delayed if the Court finds that such pretrial disclosure may jeopardize witness safety. *See* 18 U.S.C. § 3432.

Where witness safety is a concern, courts in this district often authorize disclosures of materials that identify witnesses on the Thursday before the witness testifies. *See, e.g.*, *United States v. Edelin*, 128 F. Supp. 2d 23, 49 (D.D.C. 2001) (permitting disclosure of witness identities and *Jencks/Giglio* information "on the Thursday prior to the testimony of each witness"); *United States v. Glover*, No. 07-CR-153, Pre-Trial Order (September 5, 2008), ECF No. 322 (same); *United States v. Eiland*, No. 04-CR-379, 2006 WL 516743, at *8 (D.D.C. Mar. 2, 2006)

(same); *cf. United States v. Pray*, 764 F. Supp. 2d 184, 190 (D.D.C. 2011) ("Protecting witnesses from harm is the norm, not the exception"). Notably, those cases generally involve local defendants with far less capacity to retaliate against witnesses than the defendants do here. Because the Court will not hold trial on Fridays, such "Thursday before" disclosure allows the defendants adequate time to prepare for cross-examination and will greatly reduce the risks to witnesses. Further, as reflected in the above proposed pretrial schedule, the Government also proposes to disclose the names, *Giglio* and § 3500 material as to U.S. law enforcement witnesses (who are at reduced risk of retaliation) in advance of trial. If the government identifies other categories of witnesses who are at reduced risk of retaliation, it will also disclose their identities, *Giglio,* and § 3500 material at the same time as the U.S. law enforcement witnesses. At present, it is not aware of any such additional categories of witnesses, but the Government has also not identified all the witnesses it may call.

Respectfully submitted,

MARGARET A. MOESER
Chief
Money Laundering, Narcotics
and Forfeiture Section
Criminal Division
U.S. Department of Justice

By: */s/ D. Hunter Smith*
D. HUNTER SMITH
JAMES HEPBURN
KIRK HANDRICH
ERIK CERVANTES
Trial Attorneys
Money Laundering, Narcotics
and Forfeiture Section
Criminal Division
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via the Court's electronic filing system, to counsel of record for the Defendants, this 28th day of October 2026.

*<u>/s/ D. Hunter Smith</u>*
D. HUNTER SMITH
Trial Attorney
Money Laundering, Narcotics
and Forfeiture Section
Criminal Division
Department of Justice