UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

UNITED STATES OF AMERICA,

- against -

JOAQUIN ARCHIVALDO GUZMAN LOERA,

Defendant.

---------------------------------------------------------- X

**ORDER**

09-cr-0466 (BMC)

**COGAN**, District Judge.

The Government requests a protective order under Federal Rule of Criminal Procedure 16, permitting it to defer disclosing certain discovery materials that identify cooperating witnesses to defendant until it discloses those witnesses' statements pursuant to 18 U.S.C. § 3500, much closer to trial. The Court previously granted a similar motion by the Government. Defendant has not opposed the instant motion. Because I am convinced that such an order is necessary to protect the cooperating witnesses and will not prevent defendant from preparing effectively for trial, I hereby grant the Government's motion. The Government may divulge to the defense Rule 16 materials which identify a cooperating witness at the same time that the Government provides the § 3500 material for that witness or category of witnesses.

Federal Rule of Criminal Procedure 16 governs discovery in criminal cases, and it provides that the court may, "for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Advisory Committee Notes on the 1966 Amendment to Rule 16(d) state that among the considerations that the Court should take into account are "the safety of witnesses and others, a particular danger or perjury or witness intimidation, [and] the protection of information vital to the national security." In *ex parte*

submissions as part of this motion and prior motions, the Government has explained why these cooperating witnesses in particular need protection and has provided examples of defendant or his organization threatening or harming those they believed to be cooperating with Mexican or United States law enforcement. As stated in the Committee Notes, threats to witness safety are the kind of good cause for which disclosure may be delayed.

The Court recognizes that delayed disclosure necessarily limits defendant's time to use the materials to prepare for trial. But the Court is not convinced that the disclosure the Government requests here will infringe defendant's due process rights – particularly given the Government's representation that all of this material will comprise no more than a few thousand pages of documents and a few dozen audio/video recordings. In its motion, the Government states that it will produce the sensitive materials discussed in its motion at the same time as its disclosures under 18 U.S.C. § 3500. It has committed to producing the § 3500 materials for law-enforcement witnesses two months before trial, and for most of the lay and cooperating witnesses one month before trial. Only for certain witnesses will the Government delay disclosure until closer to the date of those witnesses' testimony. As the Court has stated before, it will not hesitate to take corrective action if the Government does not comply with its representations about producing this material.

The Government's [203] motion for a protective order is therefore GRANTED.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
April 4, 2018